# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CINDY LEE OSORIO, on behalf of**
**herself and others similarly situated,**

        **Plaintiff,**

**v.**                                    **Case No:   6:17-cv-2138-Orl-28GJK**

**G SECURITY SERVICES LLC, d/b/a**
**PATROL SERVICES OF ORLANDO,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT G SECURITY SERVICES LLC MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 11)** |
| **FILED:** | **March 8, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.   BACKGROUND

The matter before the Court arises under the overtime and retaliation provisions of the Fair

Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq*. On December 14, 2017, Plaintiff filed

a complaint against Defendant alleging that Defendant "is a private security business" and was "an

enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all

relevant times had at least two employees and had an annual dollar volume of sales or business

done of at least $500,000." Doc. No. 1 at ¶¶ 6, 9. Plaintiff also alleges that she "was engaged in interstate commerce during her employment with Defendants."[1] *Id.* at ¶ 10. Plaintiff claims in Count I that Defendant violated the FLSA by failing to pay her overtime, and in Count II, by retaliating against her by discharging her when she complained about not being paid overtime. *Id.* at ¶¶ 21, 29, 30.

On March 8, 2018, Defendant filed a motion to dismiss the Complaint (the "Motion"), arguing that Plaintiff did not sufficiently allege that it is a covered enterprise under the FLSA. Doc. No. 11 at 2-3. On March 15, 2018, Plaintiff filed a response to the Motion, arguing that Defendant was attempting to hold her to a stricter pleading standard than the law permits and that her allegations are enough to withstand a motion to dismiss. Doc. No. 13 at 2-4.

## II.    FLSA COVERAGE

The FLSA provides that an employer must pay its employees "an overtime wage of one and one–half times his regular rate for all hours he works in excess of forty hours per week." *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1298 (11th Cir. 2011). *See also* 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298. An employee has two ways of alleging that she is covered by the FLSA. First, an employee can allege "individual coverage" if the employee demonstrates that she was engaged in interstate commerce or engaged in the production of goods for interstate commerce. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)). Second, an employee can allege "enterprise coverage" if she

---

[1] Initially, Plaintiff sued both Defendant and John Grasta, but on March 1, 2018, she voluntarily dismissed Grasta. Doc. No. 9.

demonstrates that the employer: 1) has two or more employees engaged in interstate commerce or in the production of goods for interstate commerce, or two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and 2) has gross volume sales or business of at least $500,000 annually. *Josendis,* 662 F.3d at 1298.

## III.   THE MOTION TO DISMISS

### A.  Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). To satisfy Rule 8's pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* at 570.

### B. FLSA Coverage

Plaintiff has not sufficiently alleged coverage for violation of the FLSA's overtime provisions. Plaintiff alleges, without any supporting facts, that Defendant was "an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000." Doc. No. 1 at ¶¶ 9, 10. She also alleges that Defendant "is a private security business." *Id.* at ¶ 6. "The mere providing of security guard services wholly within the state is not an activity constituting interstate commerce for FLSA purposes." *Paris v. Prot. Consultants, Inc.*, No. 6:09-CV-1474-ORL-28DAB, 2009 WL 3817605, at *2 (M.D. Fla. Nov. 16, 2009) (denying motion for default judgment for violations of the FLSA's overtime provisions where complaint alleged only legal conclusions that defendant provided security services and plaintiff worked as a security officer). Plaintiff provides no facts establishing that Defendant's security guard services were performed other than "wholly within the state." The conclusory assertions are insufficient to establish FLSA coverage for violation of its overtime provisions.

Although Plaintiff fails to state a claim for relief under the overtime provisions of the FLSA, the protections against retaliation for asserting one's rights under the FLSA are not limited to "employee[s] . . . engaged in commerce or in the production of goods for commerce . . . .'" *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550 (5th Cir. 1966) (quoting 29 U.S.C. §§ 206(a), 207(a)).[2] Instead, the protection against retaliation applies to "'any employee.'" *Id.* (quoting 29 U.S.C. § 215(a)(3)). Additionally, those prohibited from retaliating are "'any person.'" *Id.* (quoting 29 U.S.C. § 215(a)). Neither the employee nor the "employer must be engaged in activities covered

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

- 5 -

by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked." *Id.* at 550-51. Thus, Defendant's argument in regards to Plaintiff's claim for retaliation fails.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 11) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That Count I for violation of the overtime provisions of the FLSA be **DISMISSED WITHOUT PREJUDICE** and Plaintiff be given leave to amend the Complaint; and

2. That the Motion be **DENIED** in all other respects.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on June 11, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties